# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | | |
|---|---|---|
| ROOSEVELT PURLEY, | ) | CASE NO. 3:24-CV-01211-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| | ) | |
| TOLEDO FEDERAL COURT, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant, | ) | |

## I.    Introduction

Petitioner Roosevelt Purely filed a 28 U.S.C. § 2241 petition challenging the Federal Bureau of Prison's ("BOP") determination of his eligibility for time credit under the First Step Act of 2018 ("FSA"). Respondent moved to dismiss Purley's petition, asserting that Purley named an improper respondent and that the Court lacks personal jurisdiction over the proper respondent and that Purley failed to exhaust his administrative remedies. Alternatively, Respondent asks the Court to grant summary judgment in its favor, arguing that Purley is not entitled to the relief he seeks because, as a medium-recidivism-risk inmate, he is not eligible to receive FSA time credits.

For the reasons set forth below, the undersigned recommends that the Court GRANT Respondent's motion to dismiss for lack of personal jurisdiction, DISMISS Purley's petition WITHOUT PREJUDICE, and not grant Purley a certificate of appealability.

1

## II.     Relevant Factual Background and Procedural History

### A.  Purley's § 2241 Petition

Petitioner Roosevelt Purley is currently confined in a Volunteers of America Residential Reentry Center ("RRC") in Toledo, Ohio. (ECF No. 1, PageID #: 1). On July 16, 2024, Purley filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting that he is eligible under the FSA to earn time credits towards his release and arguing that he has completed adequate programming to receive 200 days of FSA time credits and that those credits have not been credited towards his release. (ECF No. 1, PageID #: 6; ECF No. 1-1, PageID #: 10). Purley makes no assertions regarding the exhaustion of his administrative remedies, though he does attach an informal resolution form (ECF No. 1-1) and a letter (ECF No. 1-2) addressed to Warden Emmerich, the warden at FCI Oxford, the correctional institution at which Purley was housed prior to his transfer to the RRC in Toledo. (*See* ECF No.7-3, PageID #: 52).

### B.  Respondent's Motion to Dismiss or for Summary Judgment

On October 28, 2024, Respondent moved to dismiss Purley's § 2241 petition, arguing both that Purley named the wrong respondent by naming the Toledo Federal Court and, thus, that this Court lacks personal jurisdiction over this case and it should be dismissed under Federal Rule of Civil Procedure 12(b)(2) and that Purley failed to exhaust administrative remedies, and, thus, that this Court lacks subject matter jurisdiction and this case should be dismissed under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 7, PageID #: 30–31, 34–35). Alternatively, Respondent argues that Purley is ineligible to receive FSA credits applied towards his prerelease custody or early transfer to supervised release because he is a medium-recidivism-risk inmate. (ECF No. 7, PageID #: 31). To support the arguments in its motion, Respondent attached 1. The sworn Declaration of Kenneth Bork, a Senior Court Liaison in the Northeast Regional Office of the Federal Bureau of

Prisons, 2. Purley's First Step Act Time Credit Assessment, and 3. Purley's Incident Report from his confinement at FCI Oxford. Bork's declaration explains that he has access to the BOP's SENTRY database, which contains an inmate's history of filed administrative remedies and that he is "familiar with the BOP's administrative remedy process as set forth at 28 C.F.R. § 542.10 *et seq*." (ECF No. 7-1, PageID #: 43). Further, Bork's declaration states that Purley has not filed any administrative remedy requests or appeals with the BOP and includes, as Attachment A, the Administrative Remedy Generalized Retrieval printout showing that "no remedy data exists" for inmate number 31775-509, which is Mr. Purley's inmate number. (ECF No. 7-1, PageID #: 45; ECF No. 1, PageID #: 1).

Respondent's motion indicates that a copy of its motion was mailed to Purley at his current place of confinement. (ECF. No. 7, PageID #: 42).

Purley failed to file a traverse or a response to Respondent's motion to dismiss by the expiration of the 30-day window set by the Court and provided for in the local rules. On December 5, 2024, the Court issued an order explaining that Petitioner had not yet filed a traverse and setting a final deadline by which Petitioner may file a traverse, if he wished to respond to Respondent's arguments, of December 27, 2024, a month after Petitioner's response to Respondent's motion to dismiss or traverse was due by local rules. (ECF No. 8). This order was mailed to Petitioner at his current place of confinement on the same day. Purley has taken no action to reply to Respondent's motion to dismiss despite this Court's reminder.

## III.    Law and Analysis

On October 28, 2024, Respondent moved to dismiss Purley's petition on several grounds. First, Respondent asserts that this Court lacks jurisdiction over Purley's petition because Purley failed to name the proper respondent, and this Court lacks personal jurisdiction over the proper

3

respondent. (ECF No. 7, PageID #: 30–31). Respondent also asserts that this Court lacks subject matter jurisdiction over Purley's petition because Purley failed to exhaust administrative remedies before filing his § 2241 petition. (ECF No. 7, PageID #: 31). Finally, Respondent claims that even if the Court has jurisdiction over Purley's petition, it ought to dismiss it under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim, as Purley, Respondent asserts, is ineligible to receive FSA time credits. (ECF No. 7, PageID #: 31). Respondent moves in the alternative for summary judgment, asserting again that Purley is ineligible to receive FSA time credits. (ECF No. 7, PageID #: 31).

### A. Improper Respondent and Personal Jurisdiction

Respondent argues that this Court lacks personal jurisdiction over Purley's petition because Purley named an improper respondent, the Toledo Federal Court, and this Court lacks personal jurisdiction over the proper respondent, who Respondent asserts is the Cincinnati Residential Reentry Manager ("RRM") Shannon Wicks. (ECF No. 7, PageID #: 30–31). Thus, Respondent, RRM Wicks, asserts that this Court should dismiss Purley's petition under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction. (ECF No. 7, PageID #: 34). The undersigned agrees and recommends that the Court dismiss Purley's petition without prejudice for lack of personal jurisdiction.

### 1. Legal Standard

The United States Supreme Court has found that "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" and this custodian is "'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). *See also Wales v. Whitney*, 114 U.S. 564, 574 (1885) (interpreting the habeas

4

acts as "contemplate[ing] a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary"). It has long been understood that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held" not some "remote supervisory official." *Rumsfeld*, 542 U.S., at 435.

Further, under 28 U.S.C. § 2241 "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Id.* at 442. (quoting 28 U.S.C. § 2241(a)). In *Braden v. 30th Judicial Circuit Court of Kentucky*, the Court interpreted this to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973). However, the Court later restated that the traditional rule "for core habeas petitions challenging present physical confinement" is that "jurisdiction lies only in one district: the district of confinement" and explained that in cases challenging present physical confinement, because petitioners must name their immediate custodian as respondent, the "the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent[,]" for "[b]y definition, the immediate custodian and the prisoner reside in the same district." *Rumsfeld*, 542 U.S., at 443–44 (emphasis in original).

## 2.  Analysis

Respondent asserts that the Toledo Federal Court—the respondent Purley named in his petition—is an improper respondent because "it does not have immediate custody of Purley, [it is] not involved in the application of FSA time credits for Purley, nor do[es it] have control over Purley on a daily basis." (ECF No. 7, PageID #: 34). Respondent, RRM Wicks argues that she instead is the proper respondent and should be substituted for the Toledo Federal Court as such. (ECF No. 7,

PageID #: 30 n.1). Respondent explains that the proper respondent in a § 2241 petition is the petitioner's immediate custodian, typically being the warden of the facility where the prisoner is held. (ECF No. 7, PageID # 30 n.1).  However, in the instant case, Respondent asserts that she is the immediate custodian because Petitioner Purley is currently housed in an RRC, not a prison with a warden, and is being "supervised by the BOP's Cincinnati Residential Reentry Management Office, where Wicks is RRM." (ECF No. 7, PageID # 30 n.1).  The Court agrees with Respondent Wicks. The Toledo Federal Court is an improper respondent, as it is not Purley's immediate custodian. It does not have physical custody over Petitioner Purley, does not exercise day-to-day control over Purley, and cannot "produce [Purley]'s body." *See Rumsfeld*, 542 U.S., at 435.

Rather, as Respondent argues, it appears to the undersigned that RRM Wicks is Purley's immediate custodian and, therefore, the proper respondent. While not cited by Respondent, cases from within and outside the Sixth Circuit have established that when a petitioner is confined outside of prison—e.g., in home confinement or in an RRC—and is overseen by a residential reentry management office, that residential reentry management office is the petitioner's immediate custodian. *See, e.g.*, *Frazier v. Bureau of Prisons*, No. 21-cv-528-bbc, 2021 WL 5168500, at *1 (W.D. Wisc. Oct. 6, 2021); *Nekvasil v. United States*, No. 1:22-cv-617, 2022 WL 4115428, at *2–3 (W.D. Mich. Sept. 9, 2022). Thus, while the question of whether a residential reentry management office overseeing a petitioner's non-prison confinement is that petitioner's immediate custodian has not yet been decided in this district, based on cases decided in other district courts, it appears that the answer is yes, the residential reentry management office is petitioner's custodian and, thus, RRM Wicks is Petitioner Purley's immediate custodian. Petitioner Purley is currently confined in an RRC run by the Volunteers for America, and according to

Respondent and the BOP website[1] his confinement there is overseen by the Cincinnati Residential Reentry Management Office, which, Respondent asserts, Wicks leads as RRM. (ECF No. 7, PageID #: 30); Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (select "Find by Name," search First: "Roosevelt," Last: "Purley") (last visited Jan. 16, 2024). Therefore, following other district courts, the undersign finds that RRM Wicks, who leads the Cincinnati Residential Reentry Management Office responsible for overseeing Petitioner, is his immediate custodian and proper respondent to his petition and recommends that the Court substitute RRM Wicks as Respondent in place of the Toledo Federal Court.

Because Wicks is the proper respondent in this matter, the undersigned recommends that the Court dismiss Purley's petition for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). True, as Respondent asserts, the United States Supreme Court has found that § 2241 "requires nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973). But in a separate decision, the Court found that the "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement" still applies. *Rumsfeld*, 542 U.S., at 443. The Court does not appear to have yet had the opportunity to decide a case where petitioner's district of confinement is different than the district whose court has jurisdiction over petitioner's immediate custodian, as the Court further explained that in habeas cases challenging present physical confinement, "the district of confinement is *synonymous* with

---

[1]     Other courts have used the BOP inmate locator to determine where a petitioner's immediate custodian is located, including when the custodian is a residential reentry management office and when the petitioner is confined at home or confined in another non-prison setting. *See Nekvasil*, 2022 WL 4115428, at *2; *Frazier*, 2021 WL 5168500, at *1; *Cody v. Phelps*, No. 8:20-CV-3298-SAL-JDA, 2020 WL 9071682, at *2 (D.S.C. Oct. 26, 2020), *report and recommendation adopted*, No. 8:20-CV-03298-SAL, 2021 WL 1230280 (D.S.C. Mar. 31, 2021); *McLean v. United States*, No. 3:02-CR-156-MOC-1, 2020 WL 5095585, at *4 (W.D.N.C. Aug. 28, 2020).

the district court that has territorial jurisdiction over the proper respondent[,]" and "[b]y definition, the immediate custodian and the prisoner reside in the same district." *Id.* at 444 (emphasis in original). The Sixth Circuit has similarly found both that "a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian," *Robinson v. Morrison*, 27 F. App'x 557, 557 (6th Cir. 2001), and that "[w]hen a habeas corpus petitioner challenges his 'present physical confinement,' . . . 'jurisdiction lies in only one district: the district of confinement.'" *Wooten v. United States*, No. 23-1072, 2023 WL 5519152, at *2 (6th Cir. Aug. 23, 2023) (quoting *Rumsfeld*, 542 U.S., at 443).

As far as the undersigned is aware, neither the Supreme Court nor the Sixth Circuit have yet decided a case where the petitioner's district of confinement is a different judicial district than the district court having jurisdiction over his immediate custodian. However, the pertinent case law does seem to place greater emphasis on the need for the district court to have territorial jurisdiction over the petitioner's custodian. For instance, the United States Supreme Court seemed to suggest in *Braden* "that that the prisoner's presence within the territorial jurisdiction of the district court is not 'an invariable prerequisite' to the exercise of district court jurisdiction under the federal habeas statute." *Rasul v. Bush*, 542 U.S. 466, 478 (2004) (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973)). And, the Court notes, the *Braden* Court did favorably cite to *Schlanger v. Seamans*, 401 U.S. 487 (1971), "a case squarely holding that the custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Rumsfeld*, 542 U.S., at 445 (citing *Braden*, 410 U.S., at 500). Further, the Court has long held that "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden*, 410 U.S., at 494–95 (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

8

And while there are no Supreme Court or Sixth Circuit cases instructive on these facts, district courts faced with nearly identical facts as in the instant case have found that when a prisoner files a § 2241 petition challenging his present confinement in his district of confinement, but the petitioner's immediate custodian is absent from the territorial jurisdiction of that district, the district court lacks personal jurisdiction to grant the petitioner's writ. *See Frazier v. Bureau of Prisons*, No. 21-cv-528-bbc, 2021 WL 5168500, at *1 (W.D. Wisc. Oct. 6, 2021) (dismissing petitioner's case without prejudice after finding that petitioner was in custody in an RRC and according to the BOP's inmate locator, petitioner's custodian was the residential reentry management office in Kansas City, and, thus, because Kansas City lies outside of the district court's jurisdiction, that the court lacked jurisdiction over the petition); *Nekvasil v. United States*, No. 1:22-cv-617, 2022 WL 4115428, at *2–3 (W.D. Mich. Sept. 9, 2022) (transferring a § 2241 petition to the United States District Court for the Eastern District of Michigan after finding that it lacked personal jurisdiction over the petition because even though petitioner was confined to his home in the Western District of Michigan, his home confinement was supervised by the Detroit Residential Reentry Management Office and, thus, finding that petitioner's immediate custodian was the Detroit Residential Reentry Management Office, which is located in the territorial jurisdiction of the United States District Court for the Eastern District of Michigan, not within the jurisdiction of the United States District Court for the Western District of Michigan).

Here, petitioner is confined in an RRC in Toledo, Ohio, and, thus, his district of confinement is the Northern District of Ohio. But, as described above, according to the BOP's inmate locator tool, Petitioner Purley is being supervised by the Cincinnati Residential Reentry Management Office, making Respondent Wicks, the RRM of that Cincinnati, Ohio office, Purley's immediate custodian. Because Purley's immediate custodian is located in Cincinnati, Ohio, which

9

is within the territorial jurisdiction of the United States District Court for the Southern District of Ohio, not the Northern District of Ohio, the United States District Court for the Southern District of Ohio has personal jurisdiction over this petition, and this Court does not. *See Nekvasil*, 2022 WL 4115428, at *2–3; *Frazier*, 2021 WL 5168500, at *1. *See also Schlanger*, 401 U.S., at 491 (finding that the absence of petitioner's custodian from the territorial jurisdiction of the district court was "fatal" to that district court's habeas jurisdiction). Thus, the undersigned recommends that the Court dismiss Purley's petition without prejudice for lack of personal jurisdiction.

Under 28 U.S.C. § 1631 this Court, finding it lacks jurisdiction to grant Petitioner's writ, shall, if in the interest of justice, transfer this case to another court in which the petition could have been brought at the time it was filed.  28 U.S.C. § 1631. But the undersigned recommends that the Court decline to transfer this petition, for, as described below, respondent failed to exhaust administrative remedies, and, thus, to transfer his petition would not be in the interest of justice nor judicial economy.

### B.  Failure to Exhaust Administrative Remedies

Even if the Court were to have personal jurisdiction over this petition, the undersigned would recommend that the Court deny Purley's petition without prejudice and grant summary judgment in favor of Respondent because Purley failed to exhaust his administrative remedies.

In addition to arguing that this Court should dismiss Purley's petition under Federal Rule of Civil Procedure 12(b)(2), Respondent also asserts that this Court should dismiss Purley's petition under Federal Rule of Civil Procedure 12(b)(1), arguing that Purley failed to exhaust administrative remedies and that because of that failure, the Court lacks subject matter jurisdiction. (ECF No. 7, PageID #: 37). But exhaustion of administrative remedies is not a jurisdictional requirement. *Childress v. Coakley*, No. 4:14-cv-690, 2015 WL 4986768, at *5 (N.D. Ohio Aug.

19, 2015) (citing *Rizo v. Pugh*, No. 4:12cv1798, 2013 WL 774558, at *3 (N.D. Ohio Feb. 26, 2013)). Thus, the undersigned would construe Respondent's motion to dismiss Purley's petition under Federal Rule of Civil Procedure 12(b)(1) as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2]

### 1.    Construction of Respondent's Motion

A defendant may move to dismiss a claim against him if the opposing party fails "to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "The Prison Litigation Reform Act likewise requires dismissal of a prisoner's civil action if it is frivolous or fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)." *Moglia v. Williams*, No. 4:20-cv-1359, 2021 WL 3566584, at *4 (N.D. Ohio June 21, 2021), *report and recommendation adopted in part*, No. 4:20 CV 1359, 2021 WL 2841581 (N.D. Ohio July 8, 2021). But if the movant relies on evidence outside the pleadings and the court considers such evidence, the court must treat the motion as a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.* (citing Fed. R. Civ. P. 12(d)).

Although Respondent Wicks moves to dismiss Purley's petition and for summary judgment in the alternative, she relies on materials outside the pleadings to support her argument for dismissal. (*See, e.g.*, ECF No. 7, PageID #: 37.) Thus, the undersigned would recommend that the Court construe Respondent's motion to dismiss for failure to exhaust administrative remedies as a

---

[2]    Respondent did in fact move to dismiss Purley's petition under Federal Rule of Civil Procedure 12(b)(6), but it appears to the undersigned that Respondent only intended to move to dismiss the petition under Rule 12(b)(6) based on the merits and not Petitioner's failure to exhaust administrative remedies. (*See* ECF No. 7, PageID #: 31, 36).

11

motion for summary judgment under Federal Rule of Civil Procedure 56.[3] Fed. R. Civ. P. 12(d); *Moglia*, 2021 WL 36566584, at *4.

### 2. Summary Judgment Standard of Review

 "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing summary judgment motions, the court views the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir. 1990).

The moving party must make a *prima facie* showing that it is entitled to summary judgment, and it bears the burden of production. *Zinn v. United States*, 885 F. Supp. 2d 866, 870 (N.D. Ohio 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "If the burden of persuasion at trial would be on the non-moving party, then the moving party can meet its burden of production by either: (1) submitting 'affirmative evidence that negates an essential element of the nonmoving party's claim'; or (2) demonstrating 'to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.'" *Id.* (quoting *Celotex Corp.*, 477 U.S., at 331 (Brennan, J., dissenting)). If the moving party meets its burden of production, then the non-movant must point out specific

---

[3]     Some courts within this circuit have found that a court may, without converting a motion to dismiss to one for summary judgment, consider exhibits attached to the petition and to the motion to dismiss so long as the exhibits are "referred to in the Complaint and are central to the claims contained therein." *Myers v. Healy*, No. 4:23-CV-1825, 2024 WL 3992301, at *2 (N.D. Ohio Aug. 29, 2024) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 529 F.3d 426, 430 (6th Cir. 2008)); *Bobo v. Bowers*, No. 2:23-cv-02498-SHL-atc, 2024 WL 3204466, at *1 (W.D. Tenn. June 27, 2024) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 529 F.3d 426, 430 (6th Cir. 2008)). Purley makes no mention in his petition to the Declaration of Mr. Bork or the SENTRY printout used by Respondent to support its exhaustion argument, so out of an abundance of caution, if this Court had personal jurisdiction over this petition, the undersigned would recommend that the Court convert Respondent's motion to dismiss into a motion for summary judgment.

facts in the record that create a genuine issue of material fact. *Id.* (citing *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992)).

### 3.  § 2241 and the Exhaustion Requirement

A claim challenging the computation of FSA credits can be addressed in a § 2241 petition. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle . . . for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). Federal prisoners must exhaust their administrative remedies before filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Failure to exhaust administrative remedies is grounds for dismissal of the petition. *See Leslie v. United States,* 89 F. App'x 960, 962 (6th Cir. 2004).

The BOP maintains an administrative remedy program through which prisoners may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a), et seq. To exhaust an appeal under the BOP's Administrative Remedy Procedure, a prisoner must first present the issue informally to prison staff. 28 C.F.R. § 542.13(a). After 20 calendar days, if the prisoner is not satisfied with the informal resolution and he or she wishes to pursue further review of his or her challenge to confinement, he or she must submit a formal Administrative Remedy Request on the appropriate BP-9 form to the warden of the institution where he or she is confined. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the warden's response, he or she may further appeal any adverse decision to the BOP's Regional Director by submitting a BP-10 form within 20 days from the date on which the warden signed the response. 28 C.F.R. § 542.15(a). A prisoner who is not satisfied with the Regional Director's response may appeal by submitting a BP-11 form to the BOP's General Counsel within 30 calendar days from the date the Regional Director signed the response. *Id.* An administrative appeal is not fully exhausted until the BOP's

General Counsel reaches a decision on the merits. *See id. See also Blumling v. United States*, No. 4:19cv2587, 2020 WL 4333006, at \*8 (N.D. Ohio July 28, 2020).

"Exhaustion serves the laudable goals of (1) protecting 'administrative agency authority,' by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, preserving both judicial resources and administrative autonomy; and (2) promoting efficiency because '[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at \*2 (N.D. Ohio May 1, 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992))).

But, as noted above, exhaustion of administrative remedies is not a jurisdictional requirement, thus, a petitioner's failure to exhaust may "be excused upon a showing of cause and prejudice, *Engle v. United States*, 26 F. App'x 394, 396 (6th Cir. 2001), or when the prisoner can show that pursuing administrative remedies would be futile. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006)." *Moglia v. Williams*, No. 4:20-cv-1359, 2021 WL 3566584, at \*5 (N.D. Ohio June 21, 2021), *report and recommendation adopted in part*, No. 4:20-CV-1359, 2021 WL 2841581 (N.D. Ohio July 8, 2021).

### 4. Analysis

Purley does not in his petition,[4] nor in any response to Respondent's motion, assert that he exhausted his administrative remedies. To exhaust his administrative remedies, Purley was required to follow the BOP's four-step process outlined in 28 C.F.R. §§ 524.13–524.15. And a review of the available record leads the undersigned to find that Purley failed to complete these

---

[4] A petitioner need not plead exhaustion of administrative remedies in his or her petition or attach exhibits with proof of exhaustion. *See Luedtke*, 704 F.3d, at 466.

14

steps and, thus, failed to exhaust his administrative remedies before filing his § 2241 petition challenging the BOP's application of his FSA credits. Based on the attachments to his petition, Purley appears to have made an informal request for relief—thereby completing the first step of the BOP's administrative remedy process, but Purley failed to complete the additional steps required to fully exhaust his administrative remedies. While, following the unfavorable response to his informal request, Purley sent a letter to Warden Emmerich, the warden of his then place of confinement, this was not the proper method of appeal provided for in the BOP's Administrative Remedy Procedure outlined in § 524.14, which provides that an inmate wishing to appeal the informal resolution to his request must submit a formal written administrative remedy request to the warden on the appropriate BP-9 form. 28 C.F.R. § 524.14. According to the record, Purley never filed such a form, thus, he failed to exhaust his administrative remedies. But, even if Purley's sending Warden Emmerich a letter did qualify as completing the step requiring a prisoner to file a BP-9 form, Purley still failed to exhaust his administrative remedies, as he failed to file a BP-10 form appealing the Warden's unfavorable decision, or a BP-11 form, appealing his challenge to the BOP's Office of General Counsel.

The record further supports this finding. According to the Declaration of Kenneth Bork, who serves a Senior Court Liaison for the Northeast Regional Office for the BOP, Petitioner Purley "has not filed any Administrative Remedy Requests or [a]ppeals with the Federal Bureau of Prisons." (ECF No. 7-1, PageID #: 43). Bork supports his declaration with a printout from the SENTRY database—a database that tracks an inmate's history of administrative remedies filed—for inmate number 31775-509, Mr. Purley's inmate number, showing that no administrative remedy data exists for that inmate. (ECF No. 7-1, PageID #: 45). This lack of any remedy data further demonstrates that Purley has failed to exhaust his administrative remedies. Additionally,

Purley does not argue, and has not attempted to show, that cause exists to excuse his failure to exhaust administrative remedies. Nor does he argue that it would have been futile for him to exhaust his administrative remedies. Respondent Wicks has put forth sufficient evidence showing that Purley failed to exhaust his administrative remedies as required. Purley has failed to respond and has failed to provide evidence indicating that he did exhaust his administrative remedies. Thus, Purley has failed to point to specific facts in the record that create a genuine issue of material fact to survive summary judgment. *See Zinn v. United States*, 885 F. Supp. 2d 866, 871 (N.D. Ohio 2012) (citing *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992)). Thus, granting summary judgment for Respondent Wicks would be appropriate if the Court had personal jurisdiction over this petition.

## IV.    Recommendation

Based on the foregoing, the undersigned recommends that Respondent Wicks be substituted for the Toledo Federal Court as the Respondent in this matter, that Respondent's motion to dismiss for lack of personal jurisdiction be GRANTED, and that Purley's petition be DISMISSED WITHOUT PREJUDICE. Additionally, the undersigned recommends that the Court decline to transfer this petition to the United States District Court for the Southern District of Ohio as doing so would not be in the interest of justice or judicial economy and further recommends that the Court not grant Purley a certificate of appealability.

Dated: January 17, 2025

*s/Carmen E. Henderson*
**Carmen E. Henderson**
**United States Magistrate Judge**

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).

17